23-6888
Singh v. Bondi

BIA
Hom, IJ
A216 264 852

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of June, two thousand twenty-five.

PRESENT:
    SUSAN L. CARNEY,
    STEVEN J. MENASHI,
    MARIA ARAÚJO KAHN,
        *Circuit Judges.*

_____

BHUPINDER SINGH,
        *Petitioner*,

    v.                                                    **23-6888**
                                                          **NAC**

PAMELA BONDI, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

**FOR PETITIONER:**            Rajan O. Dhungana, Federal Practice Group, Anaheim, CA.

**FOR RESPONDENT:** Brian M. Boynton, Principal Deputy Assistant Attorney General; Sarah A. Byrd, Senior Litigation Counsel; Robert P. Coleman III, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Bhupinder Singh, a native and citizen of India, seeks review of a July 11, 2023 decision of the BIA affirming an April 9, 2019 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Bhupinder Singh*, No. A216 264 852 (B.I.A. July 11, 2023), *aff'g* No. A216 264 852 (Immigr. Ct. N.Y.C. Apr. 9, 2019). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the IJ's and the BIA's decisions. *See Ming Xia Chen v. BIA*, 435 F.3d 141, 144 (2d Cir. 2006). We review factual findings for substantial evidence and questions of law and application of law to fact de novo. *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to

2

conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B).

As an initial matter, Singh's argument that his due process rights were violated because he did not concede removability or admit the factual allegations in his Notice to Appear is unexhausted because he did not raise it before the BIA. *See Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it."); *Ud Din v. Garland*, 72 F.4th 411, 419–20 & n.2 (2d Cir. 2023) (reaffirming that issue exhaustion is mandatory when, as here, it is invoked by the Government). Even if we could reach this argument, we would find no violation given the admissions Singh made in his motion to transfer venue. *See* Certified Admin. Record at 263. We otherwise deny the petition.

I.      Asylum and Withholding of Removal

"Both asylum and withholding of removal depend on a showing of persecution. To qualify as persecution the conduct at issue must be attributable to the government, whether directly because engaged in by government officials, or indirectly because engaged in by private persons whom the government is unable or unwilling to control." *Singh v. Garland*, 11 F.4th 106, 114 (2d Cir. 2021)

(quotation marks omitted). Substantial evidence supports the agency's determination that Singh failed to prove the government was unable or unwilling to protect him. *See Scarlett v. Barr*, 957 F.3d 316, 326 (2d Cir. 2020) (reviewing factfinding for substantial evidence). "[T]o demonstrate persecution based on private party violence, an alien must show either that the government condoned the action or, even if it did not, that it was completely helpless to protect the victims." *Id.* at 332; *see also Singh*, 11 F.4th at 114–15.

Singh's testimony that the police declined to accept his one report is insufficient to show the government is unable and unwilling to protect him from Ram Rahim's followers. *See Scarlett*, 957 F.3d at 331 ("[T]he unwilling-or-unable standard requires an applicant to show more than government failure to act on a particular report of an individual crime." (quotation marks and brackets omitted)). The record evidence shows that authorities are willing and able to protect people from Ram Rahim and his followers. A State Department report that Singh presented to the IJ reflects that federal laws criminalize "promoting enmity between different groups on grounds of religion" including by "causing injury" and prohibit "malicious acts, intended to outrage religious feelings of any class by insulting its religion." *See* Certified Admin. Record at 123–24, 235. The record

4

further shows that the government is willing and able to act in ways relevant here: a BBC article that the government presented to the IJ reports that Ram Rahim and three of his top advisors were sentenced for murder in 2019, and an article that Singh presented states that the police arrested 552 Ram Rahim followers for rioting after his conviction and raided, closed, and stationed officers outside of "Dera centres" where Ram Rahim's followers congregate. *See id.* at 123–24, 235. The latter article further reports that top government officials were fired or suspended for being sympathetic or ineffective in responding to Ram Rahim and his followers. *Id.* at 233. In sum, this evidence of actions taken against Ram Rahim and his followers undercuts Singh's assertion that the alleged failure of the police to take a single report from him establishes that the Indian government was or will be unable or unwilling to protect him. *See Quintanilla-Mejia v. Garland*, 3 F.4th 569, 592 (2d Cir. 2021) (holding that under the substantial evidence standard, where "the agency's conclusion finds support in record evidence," a petitioner "cannot secure . . . relief by pointing to conflicting evidence that might support— but not compel—a different conclusion."); *Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record . . . [an applicant's] fear is speculative at best.").

5

The agency's "unable-or-unwilling-to-protect" finding is dispositive also of Singh's asylum and withholding of removal claims, *Singh*, 11 F.4th at 114–15, and so we need not reach Singh's remaining arguments as to these forms of relief, *see INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

II.     CAT Relief

For similar reasons, we deny Singh's petition as to his CAT claim. "Analysis of a CAT claim boils down to a two-step inquiry." *Garcia-Aranda v. Garland*, 53 F.4th 752, 758 (2d Cir. 2022). The applicant must first show a likelihood that he will be tortured, and second, that the torture will be by or with the acquiescence of a government official. *See id*. at 758–59. Acquiescence "requires . . . that government officials know of or remain willfully blind to an act and thereafter breach their legal responsibility to prevent it." *Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004).

Here, substantial evidence supports the agency's determination that Singh failed to show that the Indian government would acquiesce in his torture. *See Hui Lin Huang v. Holder*, 677 F.3d 130, 134 (2d Cir. 2012) (holding that "[a]

6

determination of what will occur in the future and the degree of likelihood of the occurrence has been regularly regarded as fact-finding"). As stated above, authorities have arrested Ram Rahim and many of his followers and punished government officials who failed adequately to restrain his group. Singh references a 2022 State Department Report on Religious Freedom in India to support his claim, but we decline to consider this report because it is not in the record. *See* 8 U.S.C. § 1252(b)(4)(A) ("[T]he court of appeals shall decide the petition only on the administrative record on which the order of removal is based."). The proper route for Singh to present new evidence is through a motion to reopen filed with the BIA. *See Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 262 (2d Cir. 2007) (holding that we should not remand for consideration of new evidence if "the basis for the remand is an instruction to consider documentary evidence that was not in the record before the BIA; and . . . agency regulations set forth procedures to reopen a case before the BIA for the taking of additional evidence").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

7